Morales, Demandante y Apelante, *v.* Vivaldi, Fiscal de Distrito, Demandado y Apelado.

Apelación procedente de la Corte de Distrito de Guayama en pleito sobre entrega o devolución de cantidad.

No. 1561.—Resuelto en mayo 12, 1917.

Devolución de Propiedad—Propiedad Ocupada por un Fiscal al Iniciarse un Proceso—Presunción—Prueba.—Cuando un Fiscal, al iniciar un proceso se incauta de propiedad perteneciente al acusado, no existe presunción de clase alguna en ello, pues si pudiera suponerse que había la de que lo necesitaba para utilizarlo, como prueba, quedaría contrarrestada por la presunción de inocencia, ya que de otro modo sería posible para el Fiscal ocupar todo lo que quisiera y retenerlo indefinidamente o hasta que el acusado demostrara que no se necesitaba como prueba.

ID.—ID.—DERECHO DE PROPIEDAD.—Cuando la propiedad incautada por un fiscal pertenece a una persona determinada o aun si se encuentra en la posesión de dicha persona, tiene ésta derecho a ella contra todo el mundo hasta que alguna otra persona demuestre tener mejor derecho, ya en lo que respecta a su dominio o a la posesión.

ID.—ID.—CONFISCACIÓN O DESTRUCCIÓN DE LA PROPIEDAD OCUPADA.—Objetos ocupados en poder de la persona arrestada no pueden ser confiscados o destruídos por el funcionario sin mediar alguna orden o sentencia de una corte; y deben devolverse si no están relacionados con el delito por el cual fué arrestado el dueño, y aún estando relacionados deberán ser devueltos al detenido cuando no se le necesita más a los fines de la justicia.

ID.—ID.—CONSPIRACIÓN—DINERO OCUPADO PARA UTILIZARLO COMO PRUEBA—DISCRECIÓN DEL FISCAL.—La cuestión de si una suma de dinero ocupada por un Fiscal en poder de una persona acusada de conspiración se necesita como prueba, es cosa que necesariamente depende de la discreción de dicho funcionario, pero no puede suponerse sin hacerse constar en alguna forma por dicho funcionario que el dinero se necesitaría como prueba, y tal constancia está confiada mayormente a la discreción de la corte.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. Eugenio Benítez Castaño.*

El apelado compareció en nombre propio y representado por el Sr. Salvador Mestre, Fiscal del Supremo.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

A la demanda presentada en este caso formuló el demandado una excepción previa y también una contestación en la cual admitía todos los hechos de la demanda. La corte dictó sentencia a favor del demandado.

La cuestión formal que se presenta en la excepción previa es si la demanda expresa una causa de acción. Esta es sustancialmente como sigue:

"I. Que la demandante, María Morales, se encontraba actualmente procesada por El Pueblo de Puerto Rico en causa criminal que se le seguía en unión de otras personas, por un supuesto delito de conspiración.

"II. Que el demandado, actuando en su capacidad de Fiscal del Distrito de Guayama, al iniciar los procedimientos contra ella se incautó de la suma de tres mil dólares en metálico, perteneciente a la demandante, en cuyo poder y posesión estaban, sin que a dicha incautación precediera ninguna orden dictada por ningún tribunal o juez.

"III. Que el demandado retiene en su poder la mencionada can-

tidad de dinero, contra la voluntad y sin el consentimiento de la demandante.

"IV. Que la demandante ha requerido al demandado para que le devuelva la predicha suma de dinero y éste se ha negado a ello.

"V. Que al verificar el requerimiento a que se alude en el párrafo anterior, la demandante hizo presente al demandado que si la incautación y retención de la referida cantidad se hizo con el objeto de presentarla en la vista del juicio como pieza de convicción o como elemento de prueba por parte de El Pueblo de Puerto Rico dicho Pueblo de Puerto Rico no sufriría perjuicio de ninguna clase con la devolución del dinero, pues la demandante, acusada en aquel proceso, estaba dispuesta a admitir como un hecho cierto y por escrito, que la cantidad de referencia le fué ocupada en su poder por el Sr. Fiscal de Guayama, y que provenía de otra cantidad mayor que le había sido entregada por orden del Sr. Simón A. Alcaide en relación con el asunto a que la causa criminal se refiere.

"Por tanto, la demandante a la corte suplica se sirva dictar sentencia ordenando al demandado que devuelva y entregue a la demandante la citada cantidad de tres mil dólares, con imposición de costas al demandado."

La corte en su opinión da por sentadas dos cosas: primera, que la demandante entregó este dinero voluntariamente al demandado; y segunda, que dicho dinero se necesita como prueba del juicio. Ninguno de estos hechos consta de la demanda. Han sido supuestos o presumidos. Cuando un márshal (*sheriff*) o Fiscal se incauta de una propiedad que pertenece a una persona mientras verifica un arresto, no existe presunción de ninguna clase. Si pudiera suponerse que había la presunción de que el funcionario del Gobierno necesitaba la propiedad incautada para utilizarla como prueba, quedaría contrarrestada por la presunción de inocencia, pues de otro modo sería posible para cualquier funcionario de orden público, o Fiscal, incautarse de todo lo que quisiera y retenerlo indefinidamente, o hasta que una persona acusada de un delito demostrara que no se necesitaba como prueba. Cuando la propiedad pertenece a una persona determinada, o aun si se encuentra en la posesión de dicha persona, tiene ésta derecho a ella contra todo el mundo hasta

que alguna otra persona demuestre tener mejor derecho ya en lo que respecta a su dominio o a la posesión. La ley relativa al derecho a hacer un registro e incautarse de la propiedad está resumida en el tomo 5 C. J. 434, como sigue:

"§ 74.—(1) Después de hacer un arresto el funcionario tiene derecho a registrar al preso, despojándole de sus ropas, si fuere necesario, y a tomar de su persona y retener para ponerla a la disposición de la corte sentenciadora cualquier propiedad que dicho funcionario crea de buena fe que está relacionada con el delito imputado, o que pueda ser utilizada como prueba contra él, o que pueda servir de pista en la averiguación del delito, o para la identificación del criminal, o cualquier arma o instrumento con los cuales pudiera el preso cometer un acto de violencia o lograr su fuga.

"Ha habido una propensión por parte de algunas cortes de hacer extensiva la aplicación de esta regla a dineros, joyas y otros objetos de valor, pues con ellos podría un preso obtener los medios o facilidades de efectuar su fuga, y por lo menos en una jurisdicción parece estar autorizada por el estatuto la incautación de dinero en poder de una persona que ha sido arrestada; y si dicho dinero ha sido ocupado ilegalmente se permite que se siga un procedimiento por medio de una acción civil para obtener su devolución. Sin embargo, la mejor regla parece ser la de que, a menos que dicha propiedad tenga relación o constituya el beneficio obtenido por el delito en particular por el cual fué arrestado el preso, el funcionario no tiene derecho a quitársela pues podría por ello quedar privado de los medios de hacer su defensa. En algunas circunstancias puede ser el deber del funcionario tomar posesión del dinero y objetos de valor para tenerlos bien guardados y con el fin de devolvérselos a su dueño."

\*       \*       \*       \*       \*       \*       \*

"§ 75.—(2) La incautación de objetos ocupados en la persona arrestada no varía el derecho de propiedad a los mismos. Dichos objetos no pueden ser confiscados o destruídos por el funcionario sin mediar alguna orden o sentencia de la corte. La propiedad ocupada a una persona al verificar su arresto debe devolvérsele si no está relacionada con el delito por el cual fué arrestada y según parece esto ha de hacerse si se le pone en libertad o absuelve. Aun estando relacionada o habiendo sido usada en la comisión del delito si pertenece al preso y está por sí misma libre de daño, deberá ser devuelta al preso o entregada a su orden cuando no se le necesita más para los fines de la justicia. De todos modos la propiedad debe ser entre-

gada a su verdadero dueño particularmente con el consentimiento de las personas de quienes fué tomada. Dicha devolución puede obtenerse mediante moción y orden, aunque en algunos casos el remedio es mediante una acción. Cuando fueron entregados documentos voluntariamente al Fiscal, sabiendo éste que iban a usarse como prueba en el juicio de la persona que los entregaba, dichos documentos no pueden ser recobrados mientras está pendiente el juicio.''

Los casos citados en las notas sostienen el texto. Véase también a Bishop, sobre Nuevo Procedimiento Criminal, párrafos 210, 212; 2 R. C. L. 468, y Clark, Procedimiento Criminal, página 71.

Hay algunas indicaciones en la demanda de que tal vez el Fiscal de distrito necesita este dinero como prueba en el juicio, pero en ella no se hace ninguna admisión acerca de este hecho. A la verdad que de ser consideradas las probabilidades lo probable es que para que se condene a una persona por conspiración, en la cual está envuelta la devolución de una suma de dinero y en que se admite el recibo de dicho dinero, el Fiscal no necesitaría el dinero que está en su poder para la convicción. La cuestión de si se necesita este dinero como prueba es cosa que necesariamente depende en mucho de la discreción del Fiscal, pero no puede suponerse, sin hacerse constar en alguna forma por dicho funcionario, que el dinero se necesitaría como prueba. Cuál ha de ser esa constancia es cosa confiada mayormente a la discreción de la corte sentenciadora. Sin embargo, según aparece de la faz de la demanda, la demandante era la dueña y tenía derecho a la posesión de este dinero. Dicho dinero le fué ocupado sin una orden de allanamiento y en los hechos que han sido admitidos no hay ninguna constancia de que la propiedad fué ocupada al hacerse el arresto. El Fiscal de distrito se incautó del dinero contra la voluntad de la demandante en esta acción. Siendo el Fiscal de distrito un magistrado, existe, como más bien puede verse, una idea en contra de que la demandante entregó voluntariamente el dinero a dicho funcionario. En la demanda se alega que él se incautó del mismo.

En las citas que hacemos de los libros hay sentencias en las cuales se indica que si la propiedad ocupada es el producto de un delito, puede ser retenida por el funcionario, pero el principio que *trata de establecerse en todos estos casos es que si el dinero no pertenece a otra persona, debe ser devuelto al acusado, a menos que en realidad de verdad sea necesario como prueba. Y aun siendo necesario como prueba, según entendemos la ley, dicho dinero tendría que ser devuelto después del juicio a su verdadero dueño.

De acuerdo con las alegaciones de este caso, si en él no estaba envuelta una cuestión de justicia pública la demandante tendría derecho a que sumariamente se dictara sentencia a su favor. Como existe, sin embargo, la posibilidad de que pueda necesitarse el dinero como prueba, al revocar el caso permitiremos al demandado enmendar su contestación y presentar otra diferente, según proceda, para demostrar la necesidad de la retención de dicho dinero.

La sentencia apelada debe ser revocada.

> *Revocada la sentencia apelada pero permitiéndose al demandado enmendar su contestación y presentar otra diferente según proceda, para demostrar la necesidad de la retención del dinero ocupado.*

Jueces concurrentes: Sres. Presidente Hernández y Asodos del Toro, Aldrey y Hutchison.